IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIC L. FUNDERBURK, # 1257651 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No.  CCB-12-3486 |
| | * | |
| JUDGE LYNN K. STEWART | * | |
| | * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM

Eric Funderburk, a pre-trial detainee at the Baltimore City Detention Center, has filed papers challenging his detention and wants to be released on bail.  Funderburk appears to be seeking injunctive relief or otherwise challenging his detention under 28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1976)).

The Supreme Court has articulated a strong policy against federal court interference with pending state judicial proceedings absent extraordinary circumstances.  *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971).  Federal courts may only intervene in a state court criminal proceeding where there has been a "showing of bad faith, harassment, or any other unusual circumstances that would call for equitable relief." *Id*. at 54.  The Fourth Circuit has held that federal courts should not intervene when "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in state proceedings." *See Martin Marietta Corporation v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir.1994) (citing *Middlesex County Ethics Comm.  v.*

*Garden State Bar Association*, 457 U.S. 423, 432 (1982)).  Funderburk is awaiting trial; thus, there is an ongoing state judicial proceeding.  The second requirement of important state interests is met because a state's interest in "administering its criminal justice system free from federal interference is one of the most powerful of considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986).  Funderburk may raise his claims in state court, thereby meeting the third prong of the test.  Insofar as Funderburk may be seeking mandamus relief, federal district courts may not issue writs of mandamus against state courts.  *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-88 (4th Cir. 1969).   For these reasons, the court will dismiss this case without prejudice.  A separate order follows.


  __11/30/12_____                           _____/s/_____
Date                                            Catherine C. Blake
                                                United States District Judge